■ WARD LEONARD ELECTRIC CO., Respondent, v. COLD CATHODE LIGHTING CORP., Appellant.— In an action to recover the agreed price and reasonable value of goods sold and delivered, defendant appeals (1) from an order of the Supreme Court, Westchester County, dated April 29, 1959, granting plaintiff's motion for summary judgment striking out the amended answer; and (2) from the judgment of said court dated April 30, 1959, entered thereon. Defendant installed at the Truax Air Force Base, in Wisconsin, a number of transformers, some manufactured by plaintiff and some manufactured by others. The general contractor required defendant to replace all the transformers. Plaintiff agreed to replace without charge the transformers it had manufactured, but it would assume no responsibility for the replacement of transformers installed by defendant which plaintiff had not manufactured. After some negotiations, defendant's attorney (who was also defendant's secretary) wrote to plaintiff on

March 31, 1958, confirming the understanding between the parties that: (a) plaintiff would replace all the transformers at the site, whether or not manufactured by plaintiff; (b) defendant would pay plaintiff at a certain rate for 48 transformers at the site not manufactured by plaintiff; and (c) if it should develop that there are more or less transformers than the 48 mentioned, the cost to defendant would be more or less as the number increases or decreases. It turned out that there were 306 transformers replaced by plaintiff, which were not of its manufacture. This action is to recover the replacement and labor costs for the 306 transformers. Defendant claims it agreed to pay for only 48 transformers, and that the statement in the letter to the effect that it would pay for "more or less" transformers was an inadvertence. On the return day of plaintiff's motion for summary judgment, plaintiff called the writer of the March 31, 1958 letter as a witness. At the conclusion of his testimony, Special Term granted plaintiff's motion for summary judgment. Order and judgment entered thereon affirmed, with $10 costs and disbursements. The letter of March 31, 1958 is clear and unambiguous. By its terms defendant agreed to pay the stipulated price for the actual number of transformers replaced, whether more or less than 48. Under all the circumstances we see no error in the taking of the testimony on the hearing of the motion, in view of the fact that the record discloses there was no objection at the time to the procedure. Parties to an action may make their own rules of procedure insofar as the hearing of a motion is concerned. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.